Green, J.,
delivered the opinion of the court.
This is an action of ejectment, brought by Franklin against Rutherford, in the circuit court of Sumner county. On the trial, the matters in dispute, were as to the identity of the true boundary, and as to the operation of the statute of limitations.
It appeared in proof, that Israel Ambrose, under whom the defendant claims, has had possession of the land in dispute more than seven years; but it is insisted by the plaintiff, that the proof shows, that said possession has not been adverse, but has been held by permission of Isaac Franklin, under whom the plaintiff claims, and was consistent with his title.
The defendant introduced and read a paper, executed by James Rutherford, to the said Israel Ambrose, dated 4th of August, 1810, for ten acres and eight poles of land — said paper being without seal — but contains a description of the land, and words appropriate to a legal conveyance.
The defendant seeks to protect himself under the statute of limitations, by virtue of the said possession of Ambrose, held by him under said writing. There was much proof on the question of possession, and on the question of boundary.
The court charged the jury as follows : “That the paper Writing, read by the defendant’s counsel, dated the 4th day of *323 August, 1810, and relied upon as a conveyance from Rutherford to Ambrose, could not be regarded as a deed or other assurance of title, within the meaning of the first section of the act of 1819; that there being no seal to the paper, it could not be a deed; that Ambrose, though he may have had possession seven years under the paper in question, did not thereby acquire a title under the first section of the statute. That by the second section of the statute, if the defendant, and those claiming under him, have had adverse possession of the land in controversy for seven years, such possession was protected to the extent of the land actually enclosed. That defendant might couple his possession with that of Ambrose, under whom he claims. That to constitute adverse possession, there must be a holding under such circumstances as to indicate, that the party is holding for himself, and adversely to all others. It must not be permissive possession, nor a possession consistent with, or in subordination to the plaintiff’s title.’’
The jury found for the plaintiff, and the defendant moved for a new trial, which was refused, and he appealed in error to this court.
1st. The charge of the court, was undoubtedly correct in relation to the character of the paper from James Rutherford to Israel Ambrose, dated the 4th August, 1810. That paper is not a deed, nor is it an assurance, purporting to convey an estate in fee simple, and therefore, no length of possession under it, would give a title to the possessor by virtue of the statute of limitations.
2d. But we think his Honor erred when he came to charge the law as applicable to the second section of the statute of limitations of 1819. He said, “That by the second section of the statute, if the defendant, and those under whom he claims, have had adverse possession of the land in contro *324 versy, for seven years, such possession was protected to the extent of the land actually enclosed.”
Now, although the statement in this part of the charge is true, yet the manner in which it is made, taken in reference to the facts of this case, and the fact of the instruction that had gone before, must have left the jury to understand, that in no case, under the second section could a possession be protected beyond the “extent of the land actually enclosed.”
But this court has held, that if a party take possession and hold it adversely, by virtue of a title bond, or other instrument purporting to vest the possessor with an equitable interest only, the possession so taken extends to the metes and bounds described in the instrument, under which it is taken; so that although a title is not vested in him, yet if it be so held for seven years, he is protected to the entire extent of such possession.
If a party take possession of another’s land, without any claim or title, or written assurance, either legal or equitable, and hold adversely for seven years, he is protected in such possession. But in that case, he is protected, as his Honor said, only to the “extent of the land actually enclosed.”
When there is no writing, under which the possession is taken, there is nothing to define its extent, except the actual enclosures, and, therefore, the possession is held to exist only to that extent.
But when the possession is taken under a claim of title evidenced by writing, defining the boundaries, that possession, by construction of law, extends to the boundary so described. Whether the writing purport to convey an estate in fee simple, or to vest only an equitable interest. The only difference is, that in the one case, a title to the land is vested by the first section, and in the other, such title is not vested, but the possession only is protected.
In the case before us, if Ambrose was in the adverse pos *325 session of the land in dispute for seven years, under the paper of the 4th of August, 1810, the defendant’s possession will be protected, under the second section of the statute of limitations, to the extent of the boundaries defined, and set out in that paper.
The latter part of the charge is correct, and appropriate to the facts of this case.
It is for the jury upon the proof in the cause, to say, whether the possession of Ambrose was held by permission of Isaac Franldin, and in subservience to his title. For if the possession was not such as to indicate that the party held for himself, and adversely to all others, it could not protect the possession of the defendant.
Reverse the judgment, and remand the cause for another trial.